### DUNCAN v. HILL.

No. 20001. Opinion Filed March 31, 1931.

Cornelius Hardy and H. A. Gassaway, for plaintiff in error.

H. W. Carver and Tom Huser, for defendant in error.

ANDREWS, J. This is an appeal from a judgment foreclosing a mechanic's lien against the plaintiff in error and in favor of the defendant in error.

There are three propositions presented in

the briefs of the plaintiff in error, only one of which we consider necessary to determine. That proposition is that the court erred in refusing to grant the plaintiff in error a continuance of the cause. The record shows no order setting the cause for trial, but shows an affidavit for continuance filed by the plaintiff in error through his attorney on the 29th day of May, 1928. That affidavit alleged that C. A. Duncan, plaintiff in error and one of the parties to the litigation, was a material witness and was confined in the state hospital at Carlsbad, Tex., and that on account of his physical condition he was not able to give his deposition. It contained a statement of the issues presented in the suit, from which it appeared that the issues in the case were largely a question of fact between the plaintiff in error and the defendant in error. The application was supported by a telegram from the superintendent and medical director of the state tuberculosis sanitarium at Carlsbad. Tex., certifying that Clarence A. Duncan was a patient in that institution suffering from pulmonary tuberculosis and unable to attend court at that time and that he would be unable to do so for months. The application was overruled on the day it was filed. On June 19, 1928, another application was filed supported by a certificate of Edwin Davis, M. D., stating that Mr. Duncan was unable to attend court at that time or to have his deposition taken. It was similar in form and allegations to the first application and, in addition thereto, it contained a statement that the application was not made for delay, but that substantial justice might be done. On June 20, 1928, one of the attorneys for the plaintiff in error appeared in court and, as shown by the record, "made this agreement: That if the court would pass this case until Friday- he would go to trial without any further excuses." The cause was called for trial on June 22, 1928, and the record shows that all parties announced ready for trial and a jury was waived. The trial disclosed that a written contract had been entered into between the plaintiff and the defendant for the construction of a building at an agreed sum of $4,245. It recited that $1,620 cash had been paid thereon and the receipt thereof was therein acknowledged. That $1,620 was an issue in the case. Whether or not it had been paid was a question of fact. An attempt was made to explain the contract and the trial court excluded the evidence as an attempt to vary the terms of the written contract. After having excluded that evidence, the trial court permitted the defendant in error to testify that the plaintiff in error owed him $1,581.64. During the trial the plaintiff in error again asked that the cause be continued for the purpose of procuring Mr. Duncan's deposition. The trial court denied the application.

Under facts and circumstances in this case, it having been tried to the court and the issue having been a question of fact between the plaintiff in error and the defendant in error, and the defendant in error having testified that the $1,620 with reference to the portion of the contract reading, "receipt of which is hereby acknowledged,"

"A. I don't know whether that has been paid or not. Q. You don't know whether that has been paid or not? A. He owed me $1,566.14 on the whole job, both jobs."

—we think there was error in the trial court refusing to grant the continuance in order to give the plaintiff in error an opportunity to testify as to that issue. For that error this cause is reversed and remanded to the district court of Seminole county, with directions to vacate the judgment and grant the plaintiff in error a new trial.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.